## SCHOOL DIST. No. 19 et al. v. PARRISH.

No. 8642—Opinion Filed April 10, 1917.

(164 Pac. 466.)

(Syllabus by the Court.)

1. **Schools and School Districts—Relocation of Schoolhouse—Statute.**

The relocation of a schoolhouse in a school district containing a town or village qualified to vote at school district elections is governed by sections 13 and 15, art. 3, c. 219, Session Laws 1913.

2. **Same—Duty of District Board.**

If at a meeting of the voters of such district the voters by a two-thirds vote, in a district having a schoolhouse the value of which is less than $500, determine to relocate the schoolhouse, it then becomes the duty of the board of said district to locate said school-

house at some point in said district in or adjoining such town or village.

Error from District Court, Pawnee County; Conn Linn, Judge.

Suit in equity for an injunction by G. W. Parrish against School District No. 19, C. E. Davies, clerk, R. A. Johnson, director, and J. F. Russell, member. Judgment for plaintiff on the pleadings, and temporary injunction made permanent, and defendants bring error. Reversed, and cause remanded, with directions.

Redmond S. Cole, for plaintiffs in error.

F. C. Shoemaker, for defendant in error.

KANE, J. This was a suit in equity, wherein the defendant in error, plaintiff below, prayed for a perpetual injunction against the plaintiffs in error, defendants below, enjoining them from condemning a certain part or parcel of his land for the purpose of locating a schoolhouse thereon. After the issues were made up, the plaintiff filed a motion for judgment upon the pleadings, which motion was sustained by the trial court; whereupon the temporary injunction theretofore issued was made permanent. It is to reverse this action of the trial court that this proceeding in error was commenced.

The case below seems to have turned on the question whether the applicable provisions of the law empower the school board of the district, or the inhabitants thereof by vote, to choose the site for the relocation of a schoolhouse. In the case at bar it seems that one-third of the voters of school district No. 19 signed a petition for a special meeting for the purpose of determining the relocation of the schoolhouse in said district, and that at the election which was called by the district board pursuant to said petition the electors were provided with a ballot on which was written the words, "For removal of site," "Against removal of site," the election resulting in a vote of more than two-thirds being cast "For removal of site;" and that thereupon the school board selected a site on the land of the plaintiff, which adjoined the village of Skedee, situated within said district. The trial court sustained the motion for judgment on the pleadings, "for the reason that the qualified electors of said district, and not the board of directors thereof, are authorized to choose the new site." This conclusion, undoubtedly, is based upon the theory that the case is governed by section 9, art. 3, c. 219, Session Laws 1913, which provides:

"The inhabitants qualified to vote at a school meeting lawfully assembled shall have power: * * *

"Fourth. To designate by vote a site for the district schoolhouse: Provided, that the designation of a site for a district schoolhouse shall not be over one-half mile from the center of said district."

In this we think the court was in error. School district No. 19 appears to be a district containing a town or village qualified to vote in the school district election. In such districts the matter of determining the relocation of the schoolhouse is governed by section 15, art. 3, c. 219, Session Laws 1913, which provides:

"Upon the petition of one-third of the voters of any school district in Oklahoma, and in any district containing a town or village, qualified to vote at a school district election, the district board of said district shall call a meeting of the voters of said district at the schoolhouse therein in the manner provided by law for calling special meetings for the purpose of determining the relocation of the schoolhouse in said district. If at such meeting the voters of the district, by a vote of two-thirds of the resident voters of the district voting, determine to relocate the schoolhouse in said district within the school district, the board of said district shall locate the schoolhouse at some point in said district in or adjoining such town or village."

Construing the foregoing acts together, it seems quite apparent that in the first instance the power to designate the site for a schoolhouse is in the inhabitants qualified to vote, but in districts containing a town or village qualified to vote at a school district election, whilst the matter of determining whether there shall be a relocation of the schoolhouse is for the voters, the duty of locating the schoolhouse at a particular point in the district is for the board. Thus construed, there is no apparent conflict between these two sections. The former provides for the designation by vote of a site for the district schoolhouse in the first instance in all cases. The latter provides for the relocation of the schoolhouse in any district containing a town or village qualified to vote at a school district election. In the latter case the question is whether there shall be a relocation of the schoolhouse; and if this question is answered in the affirmative by vote of two-thirds of the resident voters of the district, then the board of said district shall locate said schoolhouse at some point in said district in or adjoining such town or village, provided the value of the schoolhouse is less than $500. By section 13 of the same article it is provided that:

"In school districts having schoolhouses the value of which is not less than five hundred dollars, the schoolhouse site shall not be changed, except by a vote of at least three-fifths of the legal voters of such district voting in favor of such change."

This, we gather from the pleadings, is precisely what was done in the instant case. School district No. 19 having a schoolhouse the value of which is less than $500, the inhabitants of the district qualified to vote decided by a vote of two-thirds of the resident voters to relocate the schoolhouse; whereupon the board located the schoolhouse upon the tract of land herein involved, which, it appears, adjoins the town or village of Skedee, a town or village situated within said district qualified to vote at school district elections.

There are other questions argued by counsel for the parties in their briefs, but as the one we have decided was the only question passed upon by the trial court, we will leave the remaining ones open until the trial court is given an opportunity to pass upon them in the light of the conclusion reached herein.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to take such action as may be necessary not inconsistent with this opinion.

SHARP, C. J., and HARDY, TURNER, and THACKER, JJ., concur.